IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY

      Plaintiff,

v.                                                                                                     No. 1:23-cv-00997-DHU-JFR

COLFAX COUNTY SHERIFF and
COLFAX COUNTY,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, asserts claims pursuant to the Americans with Disabilities Act ("ADA") against Defendant Colfax County and Defendant "Colfax County Sheriff." Complaint for a Civil Case at 2, Doc. 1, filed November 13, 2023 ("Complaint"). Plaintiff alleges:

> Plaintiff . . . is disabled . . . On April 24, 2023, [Plaintiff] made a Reasonable Accommodation Request pursuant to Title II of the Americans with Disabilities Act, for provision of certain public records in electronic form. On April 27, 2023, the Colfax County Sheriff Dept. denied the accommodation request on the grounds of undue burden (whether financial or administrative was not specified). The County Sheriff failed to provide an alternate but equally-effective accommodation, as required by the Act . . . The Colfax County Sheriff Dept. failed to accommodate the rheumatoid arthritis of Plaintiff Langworthy, and failed to offer an alternate but equally-effective accommodation, thereby denying access and participation to the Plaintiff on the basis of her disabilities.

Complaint at 6-7.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff:

> Plaintiff's conclusory allegations that Defendants "denied the accommodation request" and "failed to provide an alternate but equally-effective accommodation" are not sufficient to state a claim upon which relief can be granted. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"). Plaintiff attached five pages of correspondence to her Complaint. *See* Complaint at 10-14. The Court, however, will not review those documents to determine whether Plaintiff can state a claim against Defendants. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming

> advocates who comb the record of previously available evidence and make a party's case for it").
>
> It is not clear whether Plaintiff is asserting claims against the Colfax County Sheriff's Office, Colfax County Sheriff Leonard Baca Jr., or both. *See* Complaint at 6-7 (stating "the Colfax County Sheriff Dept. denied the accommodation request"); at 7 (stating "The County Sheriff failed to provide an alternate . . ."). Plaintiff has not shown that the Colfax County Sheriff's Office is a separate suable entity. *See, for example*, *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("Generally, governmental sub-units are not separate suable entities that may be sued under § 1983;" holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).
>
> The Complaint fails to state a claim against Sheriff Baca pursuant to Title II because "Title II does not create individual liability." *Brooks v. Colo. Dept. of Corrections*, 715 Fed.Appx. 814, 818 (10th Cir. 2017) (citing *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999)); *Carrasquillo v. City of New York*, 324 F.Supp.2d 428, 441-442 (S.D.N.Y. 2004) ("Individuals cannot be named as defendants in ADA suits in either their official or representative capacities . . . because Title II provides disabled individuals redress for discrimination by a *public entity,* which, as it is defined in the statute, does not include individuals).
>
> Plaintiff also requests "prospective injunctive relief from on-going violations of her federal rights" but does not describe the act or acts to be restrained or required and does not indicate if she is seeking relief related to rights other than those afforded by the ADA. *See* Fed. R. Civ. P. 65(d)(1)(C) ("Every order granting an injunction . . . must . . . describe in reasonable detail . . . the act or acts to be restrained or required"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests").

Order for Amended Complaint at 3-4, Doc. 7, filed December 11, 2023. Judge Robbenhaar ordered Plaintiff to file an amended complaint that clearly describes the claims Plaintiff is asserting against each Defendant and describe the relief Plaintiff seeks. *See* Order for Amended Complaint at 4, 6 (notifying Plaintiff that failure to timely file an amended complaint may result in dismissal of this case). Plaintiff did not file an amended complaint or otherwise respond to Judge Robbenhaar's Order by the February 12, 2024, deadline. *See* Order, Doc. 9, filed January 22, 2024 (granting Plaintiff a 21-day extension to February 12, 2024, to file an amended complaint).

The Court dismisses this case because: (i) the Complaint fails to state claims upon which relief can be granted; and (ii) Plaintiff did not timely file an amended complaint or otherwise respond to Judge Robbenhaar's Order to file an amended complaint.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**